IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

| | |
|---|---|
| HEATHER NICOLE JOHNSTON, | ] <br> ] <br> ] |
| Plaintiff, | ] <br> ] |
| v. | ]    CASE NO.: 4:17-CV-1415-KOB <br> ] <br> ] |
| HUD, | ] <br> ] |
| Defendant. | ] |

# MEMORANDUM OPINION

This matter is before the court on Defendant HUD's "Motion to Dismiss" (doc. 14), and Plaintiff Johnston's response to the court's order that she show cause why this case should not be dismissed for failure to state a claim for which relief can be granted (doc. 18). Ms. Johnston filed this suit against HUD, alleging physical and economic injury resulting from deficient maintenance of her housing complex. (Doc. 5 at 3).

HUD neither owns nor manages Ms. Johnston's housing complex, and Ms. Johnston provides no other means by which HUD could be held liable for Ms. Johnston's alleged injuries. Therefore, HUD's motion to dismiss Ms. Johnston's claims is due to be GRANTED. The court also finds that granting Ms. Johnston

1

leave to amend would be futile, and her case is due to be DISMISSED WITH PREJUDICE.

## I. STANDARD OF REVIEW

A Rule 12(b)(6) motion to dismiss attacks the legal sufficiency of the complaint. Generally, the Federal Rules of Civil Procedure require only that the complaint provide "'a short and plain statement of the claim' that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957) (quoting Fed. R. Civ. P. 8(a)). A plaintiff must provide the grounds of her entitlement, but Rule 8 generally does not require "detailed factual allegations." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley*, 355 U.S. at 47). It does, however, "demand[ ] more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal* 556 U.S. 662, 678 (2009). Pleadings that contain nothing more than "a formulaic recitation of the elements of a cause of action" do not meet Rule 8 standards nor do pleadings suffice that are based merely upon "labels or conclusions" or "naked assertions" without supporting factual allegations. *Twombly*, 550 U.S. at 555, 557.

The Supreme Court explained that "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting and explaining its

decision in *Twombly*, 550 U.S. at 570). To be plausible on its face, the claim must contain enough facts that "allow[ ] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Although "[t]he plausibility standard is not akin to a 'probability requirement,'" the complaint must demonstrate "more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Where a complaint pleads facts that are merely consistent with a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). If the court determines that well-pleaded facts, accepted as true, do not state a claim that is plausible, the claim must be dismissed. *Id.*

## II. DISCUSSION

Plaintiff Johnston, *pro se*, filed this suit against HUD on August 21, 2017. (Doc. 1). On August 22, 2017, the court ordered her to file an amended complaint complying with Rule 8 of the Fed. R. Civ. P. (Doc. 3). In her amended complaint, Ms. Johnston alleges that the management of Tom Brown Village and the Housing Authority of the Birmingham District failed to respond to her complaints regarding "a broken refrigerator, water leakage and damages, serious mold, bed bugs, roaches, structural, electrical and other issues." (Doc. 5 at 3). Ms. Johnston claims that their failure to respond to her complaints caused her and her four children to become ill

and to be hospitalized on various occasions. (*Id.*). Notably, her only mention of HUD is that Legal Aid filed a grievance with HUD against the HABD. (Docs. 1 at 4; 5 at 5).

HUD then filed its motion to dismiss Ms. Johnston's suit for failure to state a claim for which relief can be granted, arguing that Ms. Johnston based her lawsuit on the mistaken belief that HUD owns or manages Tom Brown Village and the HABD. (Doc. 14). In support of the motion, HUD produced evidence showing that Tom Brown Village is owned and managed by the HABD, which is governed by a board of commissioners appointed by the mayor of the City of Birmingham. HUD also produced persuasive authority showing that it has no legal duty to ensure the habitability of housing leased by Tom Brown Village or the HABD. *See Hale v. Chicago Housing Authority*, 642 F. Supp. 1107, 1109 (N.D. Ill. 1986) (the United States Housing Act does not create such a duty, nor is there an implied cause of action against HUD for failure to enforce regulations governing safety and sanitation).

In Ms. Johnston's response to HUD's motion to dismiss, she concedes that she misunderstood HUD's relationship to the HABD and Tom Brown Village, and appears to allege that her claims should be directed at Tom Brown Village or the HABD rather than HUD. (Doc. 18 at 1). Given this concession, along with the

absence of any argument or showing that she has a plausible cause of action against HUD, the court finds that Ms. Johnston has not provided any legitimate reason that her claims against HUD should not be dismissed. Therefore, the court will dismiss Ms. Johnston's claims against HUD for failure to state a claim for which relief can be granted.

Despite the fact that Ms. Johnston named only HUD as a defendant in her lawsuit, Ms. Johnston's response to the court's show cause order asks the court to allow her suit to move forward, presumably against the owners and management of Tom Brown Village and the HABD. (Doc. 18 at 1). While the court does recognize that a *pro se* complaint, "however inartfully pleaded," is held "to less stringent standards than formal pleadings drafted by lawyers," *Hughes v. Rowe*, 449 U.S. 5, 9 (1980), the court finds no basis for which it could assert subject matter jurisdiction over Ms. Johnston's potential claims against the supposed defendants.

While Ms. Johnston could potentially bring her claims in an Alabama state court, nothing suggests that she could bring them in a federal court: the court lacks any basis for concluding that Tom Brown Village or HADB is a citizen of a different state than Ms. Johnston, and her potential claims are state-law claims that do not arise under federal law. Therefore, even if the court dismissed this action with leave to amend, such an order would be futile.

### III. CONCLUSION

Because Ms. Johnston has failed to state a claim against HUD for which relief can be granted, her claims against HUD are due to be **DISMISSED WITH PREJUDICE**. The court also finds that extending Ms. Johnston a second opportunity to amend her complaint would be futile because this court would not have subject matter jurisdiction over her possible claims against Tom Brown Village or the HABD.

Therefore, the court will **DIRECT** the Clerk to close the case, costs taxed as paid.

**DONE** this the 5th day of April, 2018.

_/s/ Karon O. Bowdre_
KARON OWEN BOWDRE
CHIEF UNITED STATES DISTRICT JUDGE